Elmer Albrecht
vs.
J. M. Walker & Son,
Inc., et al.
} No. 89960.

April 4, 1934.

FROST, J. This case is heard on motion for new trial filed by defendant J. M. Walker & Son, Inc. after verdict against it in the sum of $285.

The suit was brought to recover for damage done to plaintiff's automobile which was in collision with a motor truck at the intersection of Oxford and Plain Streets in the City of Providence, on October 22, 1930. The accident occurred around seven o'clock in the morning. Albrecht, driving a Pontiac car, was proceeding easterly on Oxford Street while the truck was being driven northerly toward the center of the city.

Albrecht testified that he was traveling about in the center of the roadway; that when his forward wheels were opposite the sidewalk, he looked to his right and saw the truck 100 feet away travelling northerly at a good rate of speed, which he later defined as being about 25 miles per hour; that when he was a little over half way across Plain Street with his front wheels over the man-hole cover, which from the plat appears to be in the middle of the intersection, he cramped the wheels of his machine to the left; that he was struck a second later by the truck which continued on and in turn struck a pole located on the north-easterly corner of Oxford and Plain Streets.

Carroll, the driver of the truck, testified that as he approached the intersection in question, he came to a stop; that he started ahead and was pretty nearly across when he saw Albrecht's machine, then on his left and westerly on Oxford Street, a distance of 175 feet, more or less.

Carroll's testimony, as a whole, does not commend itself to one's intelligence. If he was where he said he was when he saw Albrecht's machine and that machine was distant the number of feet that he gave as an estimate, it is difficult to see how there could have been an accident.

The Court thinks the jury was justified in disregarding Carroll's testimony.

But Albrecht's testimony is no less free from difficulty. If Albrecht's front wheels were where he said they were when the truck was 100 feet away, it would seem that he was justified in going ahead, since he had only about 35 to 40 feet to go to clear the intersection. But he himself says that he turned to his left and all the testimony indicates that as he turned to his left the truck passed on his right.

One Smith, who testified on behalf of Albrecht, said that the front wheels of Albrecht's car were on the man-hole cover when the truck was 50 feet away. If this were so it would seem that Albrecht would have continued on and there could have been **no accident.**

Upon all of the testimony it would seem either that Albrecht did not see the truck or that, seeing it, he mis-

judged either the distance it was away or its speed.

Looking at the testimony in its entirety, the Court is unable to convince itself that the jury in rendering its verdict followed the law in reference to contributory negligence as given it by the Court.

The verdict does not do justice between the parties and defendant's motion is granted.

For plaintiff: George F. Troy.

For defendant: Edward W. Lincoln.